**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7136**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS RAY HOWARD, a/k/a D,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:12-cr-00009-D-1; 5:17-cv-00205-D)

Submitted:  February 20, 2020                                Decided:  February 24, 2020

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Dennis Ray Howard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis R. Howard seeks to appeal the district court's order denying his motion for reconsideration of the court's prior order denying relief on his 28 U.S.C. § 2255 (2018) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on January 18, 2019. The notice of appeal was filed on July 29, 2019.[*] Howard's motion to reopen the appeal period was likewise untimely. Because Howard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).